UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

S.G., individually and on behalf of the child, E.G.,

                                      Plaintiff,        **STIPULATION OF SETTLEMENT**

        – against –

                                                                   23-cv-2550 (JPC)(SN)

New York City Department of Education,

                                      Defendant.

-----------------------------------------------------------------------X

**WHEREAS** Plaintiff, S.G., ("Plaintiff"), individually and on behalf of the minor child, E.G., commenced an administrative proceeding pursuant to the Individuals With Disabilities Education Act, 20 U.S.A. § 1400 *et seq.*, concerning E.G.'s 2018-19 and 2020-21 school years, which was designated Impartial Hearing ("IH") Case Nos. 180358 and 194999;

**WHEREAS** after a hearing on the merits, an IH Officer issued decisions on January 10, 2020, Amended on February 2, 2020 and October 6, 2021 regarding IH Case Nos. 180358 and 194999;

**WHEREAS** on March 26, 2023, Plaintiff commenced this action against Defendant New York City Department of Education ("Defendant") seeking attorneys' fees incurred in the administrative action and this federal action;

**WHEREAS** Defendant denies any and all liability arising out of Plaintiff's allegations in this action; and

**WHEREAS** Plaintiff and Defendant (collectively, the "Parties") now desire to resolve the issues of attorneys' fees and related costs and expenses arising out of IH Case Nos. 180358 and 194999 and this federal action without further proceedings, on terms and conditions

that are just and fair to the Parties.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, through the undersigned, as follows:

1. In consideration of payment of the sum set forth in paragraph "2" below, this action is hereby dismissed with prejudice pursuant to Rule 41(a)(1)(A)(ii), without fees, costs, or expenses in excess of the amount specified in paragraph "2".

2. The City of New York shall pay SIXTY TWO THOUSAND ONE HUNDRED DOLLARS AND ZERO CENTS ($62,100.00) in full satisfaction of all claims for attorneys' fees, costs, and expenses, incurred or accrued in connection with school years 2018-19 and 2020-21, including IH Case Nos. 180358 and 194999 and the instant federal action.

3. Payment of the amount specified in paragraph "2" will be made by check payable to "Law Offices of Irina Roller, PLLC," and mailed to Plaintiff's attorneys, Law Offices of Irina Roller, PLLC, c/o Irina Roller, Esq.

4. In consideration of the payment of the amount specified in paragraph "2," Plaintiff and Law Offices of Irina Roller, PLLC, agree to the dismissal of all claims against Defendant, and to hereby release and discharge Defendant and the City of New York, and their successors and assigns, and all past and present officials, employees, departments, agencies, representatives, directors, and agents of the City of New York and Defendant from any and all liability, claims, and/or rights of action arising from or relating to any claims that Plaintiff or Law Offices of Irina Roller, PLLC, may have for costs, expenses, and/or attorneys' fees incurred or accrued in connection with school years 2018-19 and 2020-21, including IH Case Nos. 180358 and 194999 and the instant federal action.

5. Upon execution of this Stipulation and Order, Plaintiff and Law Offices of

Irina Roller, PLLC, shall each execute separate Releases based upon the terms of paragraphs "2" through "4" above, Law Offices of Irina Roller, PLLC, shall complete a substitute W-9 form, and Law Offices of Irina Roller, PLLC, shall promptly provide these Releases and the substitute W-9 form to Defendant's undersigned counsel.

6. Payment of the amount specified in paragraph "2" is conditioned upon delivery of all documents reasonably necessary to effectuate this Stipulation and Order as described in paragraph "5".

7. Nothing contained herein shall be deemed to be an admission by Defendant that it has in any manner or way violated either Plaintiff's rights or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules, or regulations of the United States, the State of New York, the City of New York, or Defendant, or any other rule, regulation, or bylaw of any department or subdivision of the City of New York or Defendant.

8. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or Defendant.

9. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation, proceeding, or settlement negotiation, except as may be necessary to enforce its terms.

10. This Stipulation and Order contains all of the terms and conditions agreed upon by the Parties, and no oral agreement entered into at any time, nor any written agreement entered into prior to the execution of this Stipulation and Order, regarding the subject matter of the instant proceeding shall be deemed to exist, to bind the Parties hereto, or to vary the terms and conditions contained herein.

11. Nothing contained herein shall be deemed to be an agreement or admission

by Defendant or the City of New York as to the reasonableness of the number of hours billed or the hourly rates claimed by Plaintiff's counsel.

12. The Stipulation and Order is final and binding on all Parties, as well as their successors and assigns.

13. This document may be executed in subparts, and, whether or not it is executed in subparts, a signature received by facsimile or electronic mail shall have the same force and effect as an original signature.

Dated:    New York, New York
          February 2, 2024

**Law Offices of Irina Roller, PLLC**  
*Attorney for Plaintiff*  
40 Wall Street, 28th Floor  
New York, New York 10005  
(212) 688-1100  
Hearings@rolleresq.com  

By: s/ Irina Roller  
    Irina Roller, Esq.

**Drohan Lee, LLP**  
Outside Counsel  
*Attorney for Defendant*  
5 Penn Plaza, 19th Fl  
New York, New York 10001  
(212) 710-0004  
VDrohan@dlkny.com  

By: _____  
    Vivian R. Drohan, Esq.

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), a plaintiff may file a stipulation of dismissal signed by all parties who have appeared to dismiss an action without a court order. *Accord* Fed. R. Civ. P. 41(a)(1)(B) (permitting stipulation of dismissal with prejudice). Accordingly, the Clerk of Court is respectfully directed to close this case.

SO ORDERED.  
February 7, 2024  
New York, New York

_____  
JOHN P. CRONAN  
United States District Judge